MICHAEL ROY BRANAN *v.* STATE OF INDIANA.

[No. 175S3. Filed January 14, 1975.]

### DISSENTING OPINION ON PETITION TO TRANSFER

ARTERBURN, J.—This is a post conviction proceeding in which the petitioner was originally convicted of being an

accessory before and after the fact of theft. The trial court denied the petition for post conviction relief. On appeal the Court of Appeals, Staton, J. writing the opinion in which Garrard, J. concurs, held that the petition should have been granted by the trial court because of a "fundamental constitutional error" in failing to advise Branan of his constitutional rights before accepting a plea of guilty. Hoffman, J. wrote a dissenting opinion pointing out that this question was not raised and ruled on by the trial court and was not presented on appeal. Thus, the Court of Appeals selected this point for reversal without it being properly briefed and presented to that court.

The record shows that petitioner had his own counsel, privately employed, and there was no showing that he was misled in his plea of guilty. Personally, I feel that no harmful error is shown, even if there was a failure of the court to advise the defendant. It seems to me his counsel is presumed to have done so, and unless there is a showing to the contrary, or a showing that he was misled, or totally ignorant of his rights, then no harmful error has been shown.

I would grant transfer and affirm the trial court.

Givan, C.J., concurs.

NOTE.—Reported at 321 N.E.2d 841.